**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NATIONWIDE INSURANCE COMPANY
OF AMERICA,

    Plaintiff,

-vs-                                        Case No. 6:18-cv-01423-PGB-DCI

FABIAN JONES, individually, FAST
SANDWICH HOLDINGS, INC., and
JOY VICKERS, individually,

    Defendants.
_____/

## MOTION FOR FINAL JUDGMENT AS TO JOY VICKERS & INCORPORATED MEMORANDUM OF LAW

Plaintiff, NATIONWIDE INSURANCE COMPANY OF AMERICA (hereinafter "NATIONWIDE"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 55(a)&(b) and Local Rule 3.01(a) and 1.07(b), hereby moves for entry of Default Judgment by the Court against Defendant, JOY VICKERS (hereinafter "VICKERS") for failure to plead or otherwise defend this action as required by law. In support thereof, Plaintiff states the following:

    1.    This is a declaratory judgment action to determine coverage under an insurance policy. An Amended Complaint for Declaratory Relief and Demand for Jury Trial was filed on August 30, 2018. (Doc. 3.) The Amended Complaint includes a single count for declaratory relief against VICKERS and two (2) other defendants.

2. VICKERS is making a claim for liability coverage as a third-party beneficiary on a policy provided by NATIONWIDE to FABIAN JONES as the result of an April 16, 2016 motor vehicle accident.

4. VICKERS was served with an Alias Summons and Amended Complaint for Declaratory Relief and Demand for Jury Trial on September 17, 2018. An affidavit of this service was filed by Plaintiff on September 26, 2018. (Doc. 17.)

5. To date, VICKERS has failed to file an answer or other responsive pleading. As a result, a Clerk's Default was entered against it on November 19, 2018. (Doc. 22.)

6. As NATIONWIDE's claim is for Declaratory Relief, and that declaration can be made with certainty pursuant F.R.C.P. 55(b), NATIONWIDE requests that the Court enter Final Default Judgment against VICKERS.

7. As a result of VICKERS's failure to deny the Amended Complaint's allegations, all well-pleaded allegations are taken as true for the purpose of this judgment. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). Thus, entry of judgment against VICKERS is appropriate if NATIONWIDE has pled sufficient facts to support the Amended Complaint's legal allegations.

9. VICKERS has failed to file any responsive pleadings and has not contested this declaratory action. However, VICKERS's co-defendant, FABIAN JONES, is actively defending this claim.

10. NATIONWIDE thus seeks judgment solely against VICKERS at this time. NATIONWIDE does not seek a judgment with respect to its identical claims against

FABIAN JONES through this motion. Nor does NATIONWIDE seek to apply any aspect of the Court's ruling on this Motion against the actively defending party.

11. This Motion has been brought solely to comply with local rules requiring the prompt resolution of defaulted claims. However, the entry of a clerk's default, "does not necessarily require the Court to enter a default judgment. In particular, when there are multiple defendants, the court must consider whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants." *Infinity Auto Ins. Co. v. Zaldivar*, 14-22954-CIV, 2015 WL 11233080, at *1 (S.D. Fla. July 27, 2015) (internal quotations omitted) (delaying judgment against a defaulting party in a declaratory action).

12. If the Court determines that a judgment against VICKERS is premature at this time due to the outstanding claims against FABIAN JONES, therefore, NATIONWIDE has no objection to the Court delaying any judgment against VICKERS until the resolution of NATIONWIDE's remaining claims against FABIAN JONES.

WHEREFORE, NATIONWIDE respectfully requests that the Court enter a final judgment against Defendant, VICKERS.

## **MEMORANDUM OF LAW**

Plaintiff's Motion for Default Judgment is made in accordance with Rule 55(b)(2) Federal Rules of Civil Procedure, and Local Rule 3.01(a) and 1.07(b). Plaintiff's Amended Complaint alleges that the subject insurance policy does not provide coverage to VICKERS or FABIAN JONES for VICKERS's claim as FABIAN JONES was using his motor vehicle insured under the Policy to carry property for a fee and further used his vehicle on a regular

3

basis for retail or wholesale delivery of sandwiches for FAST SANDWICH HOLDINGS, INC., which is excluded under the applicable policy.

As detailed in the Amended Complaint, therefore, Plaintiff requests a declaration that coverage does not apply to the damages claimed in the underlying VICKERS lawsuit. An order of default as to this defendant has already been entered by the Clerk in accordance with Rule 55(a), Federal Rules of Civil Procedure. As NATIONWIDE's claim is for Declaratory Relief, and that declaration can be made with certainty pursuant F.R.C.P. 55(b), NATIONWIDE requests that the Court enter Final Default Judgment against VICKERS. *See U.S. v. James*, 5:14-CV-387-OC-30PRL, 2015 WL 7351394, at *11 (M.D. Fla. Nov. 20, 2015) (entering summary judgment for declaratory relief through court rather than through clerk).

Default judgment is proper where: (1) a defendant properly served with a summons and complaint fails to appear or otherwise defense within the time permitted by law; (2) the moving party has established the fact of such failure; (3) the defendant is not an infant or incompetent person; and (4) a default has been entered against the defendant. *See* Rule 55(a) and (b), Federal Rules of Civil Procedure.

VICKERS was properly served with process and notice of this action as detailed in the confirmations of receipt of notice of action on VICKERS which were filed with this Court on September 26, 2017 (Doc. 17) and November 19, 2018 (Doc. 21). VICKERS has failed to appear or otherwise defend in this action within the time permitted for its answers or other responsive pleadings. Defendant is not a minor nor incompetent. The Clerk entered Defendant's default on November 21, 2018.

## CONCLUSION

In accordance with the foregoing, NATIONWIDE respectfully requests that the Court enter a final judgment against Defendant, VICKERS.

Dated: November 26, 2018

Respectfully submitted,

/s/ *Trevor T. Rhodes*
Trevor T. Rhodes
Florida Bar No: 0020573
Benjamin G. Lopez
Florida Bar No: 0117532
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL  33602
(813) 769-7865
Fax No: (813) 222-3066
Primary: service-trhodes@bankerlopez.com
Secondary: service-blopez@bankerlopez.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that the foregoing document is being served this day to all counsel of record identified via transmission of Notice of Electronic Filing generated by CM/ECF.